OPINION
{¶ 1} Defendant-appellant Tony Henderson appeals from his conviction and sentence for Solicitation, following a bench trial. Henderson contends that the evidence in the record is insufficient to support the conviction. We have reviewed the record, and we conclude that the evidence in the record is sufficient to support the conviction. *Page 2 
Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} Dayton Police officer Dyan Briggs was working as a prostitution decoy in an area known for prostitution around midnight, one night in April, 2006. Briggs testified as follows concerning her contact with Henderson that night:
 {¶ 3} "A. Mr. Henderson approached me walking from west to east across North Main Street to where I was standing. Mr. Henderson asked me if I was working, to which I replied I was. Mr. Henderson then stated, come on, and motions for me to follow him back across the street, which he started to walk back across the street, but I said what do you want. And he again said are you working, and I said yeah.
 {¶ 4} "And he said well, come on again, and started walking back across the street again. And I said what do you want. And he said I want to make love. And I said, okay, you want to have sex. What do I get. He said what do you get. I said, yeah, what do I get.
 {¶ 5} "He's like man, you sound like a cop. I was like I'm not a cop. And he's like, well, I got some candy. And I said you have candy. And he said, yeah, I got candy. And I said what kind of candy do you have. He said bubble gum. I said what flavor. He said bubble gum. I said is it grape or what. And he said it's strawberry. I said is it sugarless.
 {¶ 6} "And he's like, fuck you. And I said, you offered me candy. And at that point Detective St. Clair drove up in his car and I believe he placed Mr. Henderson in a set of handcuffs." *Page 3 
 {¶ 7} Later, Briggs testified concerning the compensation she has been offered while working as a prostitution decoy:
 {¶ 8} "Q. And when you have been working as a decoy, how much do you usually solicit for?
 {¶ 9} "A. It varies. Since we're not allowed to mention money first, usually whatever offer the suspect makes is the offer they take. I have been offered a dollar. I have been offered five dollars. I know of one other decoy that was offered a sandwich.
 {¶ 10} "Q. Okay. And by a dollar or five dollars or sandwich or whatever it may be, do you remember what act you are usually referring to?
 {¶ 11} "A. Again it varies. That's another thing that we're not allowed to mention first is the act, so basically whatever act the suspect mentions, is whatever they get charged with."
 {¶ 12} Officer Raymond St. Clair, who arrested Henderson, testified as follows:
 {¶ 13} "Q. Now when you say apprehended him [sic], did you have an opportunity to question him as to why he was in this particular location on that day?
 {¶ 14} "A. Yes, I did.
 {¶ 15} "Q. Did you ask him that?
 {¶ 16} "A. Yes, I had.
 {¶ 17} "Q. And what was his response?
 {¶ 18} "A. I asked Mr. Henderson why he asked her, being Officer Briggs, for sex, and Mr. Henderson replied because she's a whore. And I asked why did you offer her bubble gum for sex, and Mr. Henderson replied because I have no money."
 {¶ 19} Henderson was tried to the court, without a jury. At the conclusion of the *Page 4 
trial, the judge found Henderson guilty of the charge, noting:
 {¶ 20} "And I would further note the testimony of Officer St. Clair, who after proper mirandizing, asked Mr. Henderson why he, in affect [sic], asked who we now know as Officer Briggs for sex. His answer was because she's a whore. And then in response to the next question, why bubble gum. Because he didn't have any money.
 {¶ 21} "Gum may be a very, very diminimus asset, but it does have some value. Assuming one doesn't steal it, it cost certainly more than a penny. Seems the going rate for a piece of bubble gum is at best five or ten cents, so there is some intrinsic value for it. And that it's not exchanged in terms of currency, we're not dealing with a third world country where things of diminimus nature sometimes do take the place of a currency in terms of a barter kind of existence. This is a gentleman apparently was short of cash, `wanted to make love,' and thought he could pay for it with bubble gum.
 {¶ 22} "I think all the elements are there, at least to this Court's satisfaction, by proof beyond a reasonable doubt, so I do find him guilty of the charge. And having so concluded, would be prepared to impose a sentence at this point."
 {¶ 23} Henderson was sentenced to 60 days in jail, which was suspended, with Henderson being placed on supervised probation for six months. Henderson was fined $100 and court costs, and was ordered to submit to testing for HIV. From his conviction and sentence, Henderson appeals.
 II {¶ 24} Henderson's sole assignment of error is as follows:
 {¶ 25} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND *Page 5 
DEFENDANT TONY HENDERSON GUILTY OF SOLICITATION BECAUSE THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH THE `FOR HIRE' ELEMENT OF SOLICITATION BEYOND REASONABLE DOUBT."
 {¶ 26} Henderson was charged with violating R.C. 2907.24(A), which provides as follows:
 {¶ 27} "No person shall solicit another to engage with such other person in sexual activity for hire."
 {¶ 28} Henderson does not challenge the sufficiency of the evidence that he solicited police officer Briggs to engage with him in sexual activity, but contends that there is insufficient evidence that he proposed that she do so "for hire." The phrase "for hire" is not defined in the statute.
 {¶ 29} "For hire" is defined in Webster's Third New International Dictionary, Unabridged, at 1072, as follows: "available for use or service in return for payment." "Payment" is defined as:
 {¶ 30} "1: the act of paying or giving compensation. . . .
 {¶ 31} "2: something that is paid something given to discharge a debt or obligation or to fulfill a promise. . . ." Id., at 1659.
 {¶ 32} In view of the statement Henderson made to officer St. Clair after he was arrested, the trial court could reasonably find that Henderson made a serious, if unusual, offer to Briggs to engage in sex with him in exchange for some bubble gum. As the trial court noted, bubble gum has economic value, even if that value is slight. There is nothing in R.C. 2907.24(A) specifying the amount of compensation required to satisfy the "for hire" element of the offense. Nor is there anything in the statute requiring that *Page 6 
the proposed transaction be commercially reasonable.
 {¶ 33} The fact that a proposed sexual transaction is not commercially reasonable might be a relevant consideration for a finder of fact in determining whether a proposal is seriously made. In this case, Henderson's statement to the arresting officer, St. Clair, after having been arrested, permitted a reasonable finder of fact to find, beyond reasonable doubt, that Henderson had seriously proposed to Briggs to engage in sex with him in exchange for bubble gum, despite the unconventional nature of the proposed transaction.
 {¶ 34} Henderson's sole assignment of error is overruled.
 III {¶ 35} Henderson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and BROGAN, J., concur. *Page 1